WHEELING STEEL CORP., APPELLANT, *v.* PORTERFIELD, TAX
COMMR., APPELLEE.

(No. 69-194—Decided January 21, 1970.)

58

*Messrs. Dargusch & Day, Mr. Roger F. Day* and *Mr. Burr A. Horn, Jr.*, for appellant.

*Mr. Paul W. Brown*, attorney general, and *Mr. W. Robinson Watters*, for appellee.

CORRIGAN, J. The issue in this appeal revolves around sales of corrugated steel products made by the out-of-state selling offices of Wheeling Corrugating Company to its out-of-Ohio customers and filled by deliveries from Wheeling Steel Corporation's Ohio plant located at Martins Ferry, Ohio. In some instances, the goods sold were shipped by barge; in others, they were shipped by rail or motor freight carrier. Delivery to the common carrier was made in all of the sales in question at Martins Ferry. As to the goods shipped by land carrier, the parties stipulated that legal title to the goods passed from Wheeling Steel Corporation to Wheeling Corrugating Company and from Wheeling Corrugating Company to the customer of the latter when the goods were loaded on the carrier at Martins Ferry. The goods shipped by barge from Martins Ferry were on bills of lading in which Wheeling Steel Corporation designated itself as shipper and consignee. These goods shipped by barge were sent to an intermediate out-of-Ohio river terminal. After arrival at the river terminal, the goods were loaded on a land carrier and another bill of lading was issued by the land carrier showing Wheeling Corrugating Company as the shipper and the customer of Wheeling Corrugating Company as the consignee.

The record reflects that none of the goods were first stored in Ohio before shipment, but that they were shipped directly from the production line of Wheeling Steel Corporation, with the ultimate consignee being the customer.

Appellant contends that these "direct sales" by Wheeling Corrugating Company cannot be considered as business done in Ohio for purposes of determining the Ohio franchise tax. It maintains that the predominant elements of "direct sales" occurred outside Ohio. These elements essentially are that orders were solicited and taken from out-of-Ohio customers by appellant's out-of-Ohio selling

agencies; that the goods were physically delivered to customers outside Ohio; and that the customers paid for the goods at the out-of-Ohio selling agencies or directly by mail to appellant at its general office in West Virginia.

The case of *Kelley Motors, Inc.,* v. *Peck,* 161 Ohio St. 186, is cited, wherein we held, at page 191, that "too much of this transaction occurred outside this state to hold that the purchase was completed in Ohio." *Kelley* is distinguishable from the instant case for the reason that the property in that case was purchased outside Ohio for use in Indiana, and that the only Ohio part of the transaction was that the automobiles were moved through Ohio and the procurement of Ohio certificates of title.

The Tax Commissioner held that all "direct sales" of Wheeling Corrugating Company accomplished by its 17 sales offices throughout the United States constituted business done in Ohio. The Board of Tax Appeals affirmed, stating:

"* * * the board finds that the sales by Wheeling Corrugating Company at issue were completed when delivery was made by it to its customer's common carrier agent at the Martins Ferry plant."

Appellant urges further that passage of legal title by delivery of goods to a common carrier is not equivalent to "business done" for franchise tax purposes. It is argued that title is only a concept, and although the title concept may have some relevance in resolving relationships between buyers, sellers and carriers, it does not measure, nor can it express, any real transaction of business done within the state.

Chapter 5733, Revised Code, covering corporation franchise taxes, carries no specific definition of sale, but its meaning is set out in Section 5739.01(B), Revised Code, in the chapter on sales tax, as follows:

"(B) 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * *."

In addition, unless a different intention appears from a contract of sale, title passes to the buyer at the time and

place at which the seller completes his performance with reference to the physical delivery of the goods. Section 1302.42(B), Revised Code.

We find that the sales of Wheeling Corrugating Company, which are in question here, were completed when the goods were delivered to its customer's common carrier agent at Martins Ferry. The time and place of sale is not changed by the fact that arrangements were made by Wheeling Steel Corporation or Wheeling Corrugating Company, as agents for the customer, for the shipment of the customer's goods by a common carrier, also an agent of the customer. Further, the time and point of delivery is not affected by the fact that the cost of shipment is prepaid or advanced, subject to reimbursement by the customer.

In our opinion, the delivery of the goods to the carrier and the consequent passage of title, both of which occurred in this state, provide sufficient connection with Ohio to constitute "business done" in Ohio and, as such, the sales transactions in question were properly included in both the numerator and denominator factors of the "business done" portion of the franchise tax formula provided in Section 5733.05 of the Revised Code. The formula set up by that statute is supplemented by Rule TX-43-01, which reads:

"Business done in and out of Ohio by a corporation subject to the payment of franchise taxes shall be determined under Revised Code 5733.05 by allocating to the business fraction, therein provided, sales in and out of Ohio.

"All sales of goods from warehouses in Ohio, wherever manufactured, shall be considered as Ohio sales.

"In the case of manufacturing companies, all sales of goods manufactured in Ohio, wherever sold, shall be considered as Ohio sales, except sales of such products as are sold from warehouses outside of this state.

"The denominator of such business fraction shall in all cases be the total sales wherever made."

The statutory Ohio franchise tax, supplemented by this

rule of the Tax Commissioner, is purely a privilege tax and not a tax on income, sales or receipts. It is laid upon the privilege of doing business in Ohio for the current annual period, measured by the value of Ohio business done in proportion to the total business done within and without Ohio.

As to the sales shipped by land carrier, in our opinion there is no question that such sales were properly included in the business-done factor of the franchise tax formula. Stipulation No. 1 in the record makes this clear.

Stipulation No. 2, covering sales shipped by barge, likewise is persuasive that the customer paid for all shipment costs of its own goods and received possession and ownership of the goods F. O. B. the barge in Ohio. The actions of Wheeling Corrugating Company with reference to the goods of its customers after loading at the Ohio dock, including the procuring of bills of lading to Wheeling Corrugating Company's order, indicate that it acted as agent of the customer.

We find no constitutional improprieties in the decision of the Board of Tax Appeals, and it is our holding that the final order of the Board of Tax Appeals, denying an order for refund to this taxpayer, was neither unreasonable nor unlawful, and is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, STRAUSBAUGH and DUNCAN, JJ., concur.

SCHNEIDER, J., dissents.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for HERBERT, J.