Rio Indal, Inc., Appellee, *v.*
Lindley, Tax Commr., Appellant.

[Cite as Rio Indal v. Lindley (1980), 62 Ohio St. 2d 283.]

(No. 79-1562—Decided June 4, 1980.)

*Messrs. Baker & Hostetler, Mr. Bruce O. Baumgartner, Mr. Kenneth J. Kies* and *Mr. James B. Griswold,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Mar A. Engel,* for appellant.

PAUL W. BROWN, J.   R. C. 5733.04(I) provides that "net income" is basically the taxpayer's taxable income under the Internal Revenue Code with certain adjustments, one of which permits a taxpayer to:

"(2) *Deduct any* amount included in net income by application of section 78 or 951 of the Internal Revenue Code, *amounts received for* royalties, *technical or other services derived from sources outside the United States,* and dividends received from a subsidiary, associate, or affiliated corporation that neither transacts any substantial portion of its business nor regularly maintains any substantial portion of its assets within the United States." (Emphasis added.)

The taxpayer claims the benefits of this deduction and the board agreed that it was applicable.

The statutory prerequisites to application of this deduction are that the amount to be deducted must have been (1) for technical or other services and (2) derived from sources outside the United States. The Tax Commissioner denies the existence of either prerequisite.

We first address the question whether the commissions were "derived from sources outside the United States." Appellant contends that the burden is upon the taxpayer to prove entitlement to a deduction; that the taxpayer in this instance must establish that its commissions were derived from sources outside the United States; and that the situs of the payor for services rendered is not evidence tending to prove that payments were derived from sources outside the United States as a matter of law. Conversely, appellee asserts that the situs of the payor, in this case London, England, is deter-

minative of the source from which the commissions were derived. For the following reasons we are in agreement with appellant.

The Ohio corporate franchise tax is a privilege tax. It is not a tax on corporate income, sales, or receipts, but rather is a tax on the privilege of doing business in Ohio. Its purpose is to tax the fair value of business done in Ohio. Accordingly, it is based on the proportion of a corporation's business done in Ohio to the total of its business done everywhere. *Wheeling Steel Corp.* v. *Porterfield* (1970), 21 Ohio St. 2d 57. To the extent that a corporation exercises its corporate privilege in Ohio, it must pay the franchise tax.

There are two alternative bases for determining the fair value of business transacted in this state. One is the net worth basis. The other method is based upon net income, which Rio Indal used for the tax years in question. Under this method the value of business done in Ohio is computed by determining the amount of the taxpayer income apportionable and allocable to Ohio. R. C. 5733.04(I)(2) provides the method for excluding from net income income derived from sources outside the United States. Once net income from activities within the United States is determined, it is apportioned within and without Ohio in accordance with R. C. 5733.05.

We believe that the objective of the franchise tax can be best achieved by allocating service income to the place where the services are actually performed. In this manner, the franchise tax is imposed on income representing business activities performed in Ohio and thus best reflects the fair value of doing business in this state. Appellee's contention, and the board's ruling, that the phrase "derived from sources outside the United States" means that a deduction is permitted whenever the payor makes payment from outside the United States, regardless of where the payee-taxpayer performed the activities giving rise to the payment, frustrates this object and leads to unreasonable results. The situs from which payment is sent for services rendered is irrelevant to whether the payee-taxpayer is engaged in business in Ohio. A corporation could perform activities within Ohio for a payor, and escape taxation on those activities by having payment made from outside the United States. As appellant notes, "the board's decision not

only ignores the object of the Ohio franchise tax to tax business done in Ohio; it undermines and subverts that object by providing a means whereby a taxpayer may engage in business in Ohio and avoid the tax imposed on that privilege."

This construction is supported by comparable federal tax legislation, specifically Section 861(a)(3), Title 26, U.S. Code, which states that compensation "for***personal services performed in the United States" is to be "treated as income from sources within the United States." The situs of the service performed governs the source of the income. The place of payment for the service is irrelevant. By analogy, the source of the income derived under the Ohio franchise tax scheme is determined by the place where the service is performed.* The key word is "source." Depending upon the nature of the income, its source will differ, with the location of the source determinative of whether a taxpayer qualifies for the deduction. For instance, property which is situated outside the United States and which produces income such as rents or royalties is the source of the income and its situs outside the United States is dispositive as to how the income will be allocated. Section 862(a)(4), Title 26, U.S. Code; R. C. 5733.04(I)(2). There is no inconsistency in finding the meaning of "source" to be relative to the nature of the income produced. Our objective is to best effectuate the purpose of the legislation to tax the fair value of the business transacted in Ohio. We believe this construction achieves this objective.

Because we have resolved this issue adversely to appellee, there is no further need to consider appellant's alternate challenge for relief. Since appellee failed to sustain its burden to show entitlement to a deduction, *Higbee Co.* v. *Evatt* (1942), 140 Ohio St. 325, the decision of the board is reversed.

*Decision reversed.*

---

* R. C. 5733.04(K) provides in part:

"Any term used in this chapter has the same meaning as when used in comparable context in the laws of the United States relating to federal income taxes unless a different meaning is clearly required." Whether "source" constitutes a "term" under R. C. 5733.04(K) so as to require the result we reach herein, or whether the federal provisions are used merely for guidance is irrelevant by virtue of the conclusion we have reached.

CELEBREZZE, C. J., HERBERT, W. BROWN and SWEENEY, JJ., concur.

HOFSTETTER and HOLMES, JJ., dissent.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for LOCHER, J.

HOLMES, J., dissenting. I must dissent in that, in my view, the Board of Tax Appeals reasonably found that the amounts involved here were received for technical services, and were derived from sources outside the United States, and as such were deductible from net income pursuant to R. C. 5733.04(I)(2).

I would affirm the order of the Board of Tax Appeals.

HOFSTETTER, J., concurs in the foregoing dissenting opinion.