R.H. MACY & CO., INC., APPELLEE, *v.*
EDGAR L. LINDLEY, TAX COMMR., APPELLANT.

[Cite as R.H. Macy & Co. *v.* Lindley (1986),
25 Ohio St. 3d 218.]

(No. 85-1407—Decided August 6, 1986.)

*Porter, Wright, Morris & Arthur* and *Ted B. Clevenger,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellant.

*Per Curiam.* The sole question before this court is whether the BTA's decision permitting appellee to compute its net income by a separate accounting is contrary to law. As stated in *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53 [54 O.O.2d 191], paragraph one of the syllabus: "The Supreme Court reviews decisions of the Board of Tax Appeals on questions of law. It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine from the record whether the decision rendered by the Board is unreasonable or unlawful. * * *" For the following reasons we find that the BTA thoroughly evaluated the facts of this case and correctly concluded that appellee was entitled to a separate accounting.

The goal of this state's franchise tax is to fairly tax a foreign corporation for the privilege of engaging in business in Ohio, based on the extent of the corporation's business activity which takes place in Ohio. See *Rio Indal, Inc.* v. *Lindley* (1980), 62 Ohio St. 2d 283 [16 O.O.3d 326], and *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208 [73 O.O.2d 507]. For franchise tax purposes Ohio law assumes that the apportionment formula outlined in R.C. 5733.05 most fairly represents the extent of a foreign corporation's business activities in this state. This presumption is rebuttable, however, as stated in R.C. 5733.05(B)(2)(d):

"If the allocation and apportionment provisions of division (B) of this section do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may request, which request must be in writing and must accompany the report, or the tax commissioner may require, in respect to all or any part of the taxpayer's allocated or apportioned base, if reasonable, any one or more of the following:

"* * *

"(i) Separate accounting; * * *."

Consequently, the burden is on the party wishing to depart from the apportionment formula to prove that another method more fairly represents the extent of its business activities in Ohio. *Butler Bros.* v. *McColgan* (1942), 315 U.S. 501; *Moorman Mfg. Co.* v. *Bair* (1978), 437 U.S. 267; *Container Corp.* v. *Franchise Tax Bd.* (1983), 463 U.S. 159.

Since appellee in this case wished to depart from the apportionment formula, its burden before the BTA was to demonstrate that a separate accounting more fairly represented the extent of its business activities in Ohio. At first blush, this appeared to be a factual determination unreviewable by this court. Upon closer scrutiny it became clear that while this court must accept the facts as ascertained by the BTA, we must determine whether the BTA ascertained and weighed all of the appropriate facts.

The cases cited by appellant from the United States Supreme Court and from other jurisdictions all deal with tax schemes which are different from Ohio's. Whether for income or franchise tax purposes, those jurisdictions approve of the apportionment formula of calculating net income if the business in question is a "unitary business." Those jurisdictions set forth guidelines for determining whether or not a taxpayer is a unitary business. *Commr. of Revenue* v. *Associated Dry Goods, Inc.* (Minn. 1984), 347 N.W. 2d 36; *Container Corp.* v. *Franchise Tax Bd., supra; F.W. Woolworth Co.* v. *Taxation & Revenue Dept.* (1982), 458 U.S. 354; *ASARCO, Inc.* v. *Idaho State Tax Comm.* (1982), 458 U.S. 307; *Exxon Corp.* v. *Dept. of Revenue of Wis.* (1980), 447 U.S. 207; *Mobil Oil Corp.* v. *Commr. of Taxes of Vt.* (1980), 445 U.S. 425. Businesses are characterized as being either vertically or horizontally integrated with horizontally integrated businesses, such as appellee's, being more difficult to characterize as unitary.[1] Although the factors considered by the above-mentioned courts in determining whether a business was unitary are not binding on this court, we found them helpful in determining whether appellee adequately demonstrated that a separate accounting most fairly represented the extent of its business activities in Ohio.

The United States Supreme Court has held that a unitary business must involve "some sharing or exchange of value not capable of precise identification or measurement—beyond the mere flow of funds arising out of a passive investment or a distinct business operation—which renders formula apportionment a reasonable method of taxation." *Container Corp.* v. *Franchise Tax Bd., supra,* at 166. Further, a multi-state enterprise may be characterized as a unitary business when there are contributions to income resulting from functional integration, centralization of management

---

[1] "Vertical integration" refers to a business organized into separate divisions, each performing an entirely separate function, such as production, marketing and retailing of the same product. Horizontal integration describes a business where each division performs basically the same function in different locations—for example, a retail chain.

and economies of scale. Where these characteristics exist, the use of a separate accounting may fail to account for their contributions to income. *Mobil Oil Corp.* v. *Commr. of Taxes of Vt., supra,* at 438. See, also, *Commr. of Revenue* v. *Associated Dry Goods, supra.*

Based solely on *Container Corp.,* the BTA could reasonably have found appellee to be a unitary business and required that net income be calculated by apportionment. Appellee and its LaSalle's division do share or exchange some value not capable of precise measurement—beyond the mere flow of funds arising out of a passive investment. There is a corporate superstructure which, although it does not play a part in day-to-day operations, does provide various services to LaSalle's for a fee. This exchange is not capable of precise measurement and does go beyond mere passive investment. Note, however, that *Container Corp.* does not mandate a finding that a business is unitary under these circumstances. Rather, *Container Corp.* states that in such a situation it would be reasonable to declare the business unitary, and to require that net income be determined by apportionment.

Although it would have been reasonable for the BTA to consider appellee a unitary business subject to apportionment based on *Container Corp.,* the BTA did not do so. Instead, the BTA considered the *Mobil Oil* factors and held that appellee had demonstrated entitlement to use of a separate accounting. Appellant argues that the BTA failed to consider these factors. While the BTA does not mention functional integration, centralization of management and economies of scale by name, it is clear from the BTA's opinion and order that these factors were considered.

The BTA discussed various aspects of functional integration. The BTA found that while corporate headquarters does provide, for a fee, certain accounting, engineering, consulting, legal, pension and credit services, LaSalle's does its own hiring, buying, promotional work and fixturing. The BTA found that, because of the fee paid by LaSalle's for the integrated service, " '[t]he results from [the] services [provided by corporate headquarters] are reflected independently by each division's individual profit records. Thus, the benefit that the Ohio division obtains from such services is reflected exclusively in its own profits.' " (Quoting from *S.M. Flickinger Co.* v. *Lindley* [Sept. 30, 1980], Franklin App. No. 80AP-207, unreported, at 6.) Therefore, according to the BTA, albeit in different words, appellee had sufficiently demonstrated that the degree of functional integration between Macy's and LaSalle's was not extensive enough to require use of an apportionment formula.

Similarly, the BTA considered the degree of appellee's centralization of management. The BTA compared the duties of the corporate and division managements and concluded that the divisions were more autonomous than dependent on corporate management. Again, although the BTA did not specifically state "Macy's has very little centralization of management," it is evident that this factor was considered.

Finally, it is also evident that the BTA considered whether appellee benefited from economies of scale. The BTA did note that all accounts receivable were purchased by a Macy's subsidiary each month, but indicated no commingling of funds. To the contrary, the BTA stated that "[e]ach division is treated as a separate autonomous profit center * * *." Thus, economies of scale did not require use of the apportionment formula for determining net income to fairly represent the extent of appellee's business activities in Ohio.

In summary, Ohio franchise tax law does not require a finding that a business is unitary to require the use of apportionment to determine net income. However, the factors used to determine whether a business is unitary are helpful in determining whether apportionment most fairly represents the extent of a business' activities in Ohio. The BTA did not apply an incorrect legal standard by failing to consider the unitary business factors of functional integration, centralization of management and economies of scale. The BTA did consider these factors but did not label them as such. Further, the BTA did not err by considering the additional factor of the inequitable disparity between net income shown by using the apportionment formula and net loss shown by using a separate accounting. Therefore, we find that the BTA's determination that appellee adequately demonstrated that a separate accounting calculation of net income most fairly represented the extent of its business in Ohio was not unreasonable or unlawful.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.