## Thacker v. Sells
*[Cite as 8 AOA 594]*

*Case No. 90AP-669*
*Franklin County, (10th)*
*Decided December 31, 1990*

*James R. Cooper, John T. Wallace, Morrow, Gordon & Byrd, for Appellant.*

*Thomas M. Tyack, Thomas M. Tyack & Associates, for Appellees.*

McCORMAC, J.

Barbara C. Thacker, Administrator of the Estate of Scott Thacker, deceased, plaintiff-appellant, commenced an action in the Court of Common Pleas of Franklin County on February 8, 1990, against defendants-appellees, Roseanne Sells, Superintendent of Juvenile Detention Center, Franklin County, and Joseph R. Whitt and Richard Nedelkoff, two employees of the Franklin County Juvenile Detention Center, seeking damages pursuant to R.C. Chapter 2744 for the wrongful death of Scott Thacker, age sixteen, who died on December 19, 1986. Allegations in the complaint were both that the death was due to the negligence of Sells and the other two employees and, also, that these three employees were guilty of wanton, willful, and reckless conduct. It appears from the complaint that plaintiff was seeking damages against the political subdivision, i.e., Franklin Coun-

ty, and, in the alternative, against the individuals themselves for willful and reckless conduct.

Service by certified mail was obtained on Sells. Certified mail service does not appear to yet have been made upon Nedelkoff and Whitt.

On March 1, 1990, Sells filed a motion to dismiss for lapse of the statute of limitations. Plaintiff filed a memorandum contra with exhibits attached showing that the same action was commenced on December 5, 1988, against Franklin County and the same three defendants identified in this lawsuit. These three defendants' were initially identified as John Doe defendants, although John Doe I, Sells, was also identified as the administrator of the Juvenile Detention Center. Service of this complaint was made on the Franklin County Prosecuting Attorney, the Franklin County Board of Commissioners and each member thereof, the Franklin County Sheriff, and "R. Roberts" at Franklin County Juvenile Detention Center, apparently for the administrator of the center. The prosecuting attorney filed an answer which responded to the claims of all defendants other than the three John Doe defendants.

On December 1, 1989, plaintiff filed an amended complaint in this first action substituting the names of Roseanne Sells, Whitt and Nedelkoff for the three John Doe defendants, having later discovered their real names, and, on the same date, filed a praecipe requesting certified mail service on each of these defendants. On December 5, 1989, one day before one year had elapsed after filing the initial complaint, and apparently before certified mail service had actually been made upon the three identified defendants, there being no return of this service noted in the file, plaintiff voluntarily dismissed her action without prejudice pursuant to Civ. R. 41(A)(1).

The trial court took these facts under consideration and sustained the motion of Roseanne Sells to dismiss the action on the basis that the statute of limitations had run.

Plaintiff appeals, asserting that "[t]he trial court erred in dismissing plaintiff's complaint when she had attempted to commence her previously filed action as to appellee and thus was entitled to an additional one year in which to bring her action under Ohio Revised Code Sections 2305.19 and/or 2125.04."

The sole issue is whether the statute of limitations mandated dismissal of plaintiff's second complaint filed February 8, 1990, against Roseanne Sells, Superintendent, Franklin County Juvenile Detention Center, or whether the complaint was timely filed due to application of the savings statute. The savings statute to be applied in wrongful death cases, R.C. 2125.04, states, in relevant part:

"In every action for wrongful death commenced or attempted to be commenced within the time specified by section 2125.02 of the Revised Code, if a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, and the time limited by such section for the commencement for such action has expired at the date of such reversal or failure, the plaintiff *** may commence a new action within one year after such date."

The first requirement for application of the savings statute is that the original action be commenced, or attempted to be commenced, within the statute of limitations. The trial court expressly refused to apply the savings statute because it determined that plaintiff had failed to commence a wrongful death action against defendants within the two-year statute of limitations. The court reasoned that, since defendants had not been served in plaintiff's first action prior to plaintiff's voluntary dismissal on December 5, 1989, the action was never commenced. The trial court did not comment about whether plaintiff had "attempted to commence" her case before December 5, 1989 to trigger the savings statute. "Commencement" is defined by Civ. R. 3(A) as follows:

"*** A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant *** or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."

In this case, the initial action against Sells, as administrator of the Juvenile Detention Center, together with the other Franklin County defendants, was filed less than two years following the death. Service was obtained within one year of filing upon Franklin County and apparently also on the administrator of Franklin County Juvenile Detention Center, although that person was not identified by actual name and was not served by actual name. No service was obtained against the three John Doe defendants, but, on December 1, 1989, an amended complaint was filed changing their three names from a John Doe designation to their actual names. Civ. R. 15(D) provides as follows:

"(D) Amendments Where Name of Party Unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

There are several issues that pertain to the determination of whether an action had been commenced or attempted to be commenced against Sells individually or as administrator of the Franklin County Juvenile Detention Center in the first case so as to invoke the one-year savings statute.

The first issue is whether Civ. R. 3(E) requires the court to consider an action not commenced or attempted to be commenced when service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint, even though the action has not yet been dismissed and the one-year period specified in Civ. R. 3(A) has not yet elapsed. The answer to that question is that the complaint remains filed and subject to commencement if service is obtained upon a defendant within one year after such filing even though more than six months has elapsed. Civ. R. 3(D) does not substitute a six-month period for commencement for the one-year period set forth in Civ. R. 3(A) which specifically pertains to commencement. A careful reading of Civ. R. 3(E) shows that to be the case, because a complaint is not automatically dismissed after six months has elapsed without obtaining service upon a defendant. A hearing is required and plaintiff must be given an opportunity to show good cause why such service was not made on defendant within that period. Thus, between the six-month and the twelve-month period, if no action has been taken to clear the docket pursuant to Civ. R. 3(E), the complaint remains in limbo for perspective commencement until the one-year period elapses. Thus,

plaintiff's complaint was filed and remained pending when the amended complaint was filed on December 1, 1989, furnishing the actual names of Sells and the other two John Doe defendants.

The second issue is the effect of Civ. R. 15(D) in regard to service or attempted service upon an originally designated John Doe defendant who has, by amended complaint, been designated by her actual name. Defendants argue that the only proper service in that case is summons which must contain the words "name unknown" and a copy thereof must be served personally upon the defendants. However, that is an incorrect reading of Civ. R. 15(D). After the name is discovered and the pleading is amended to reflect that name, service may be provided by certified mail to the name and address of the person who is no longer a John Doe defendant, just as any other defendant may be served. The last sentence of Civ. R. 15(D) is the service that must be used to obtain jurisdiction over the John Doe defendant prior to discovery of the name. It does not preclude an amendment substituting an actual name with service then to proceed as with any other named defendant. Hence, the certified mail service attempted by plaintiff on December 1, 1990, against Sells and the other two John Doe defendants, was proper service upon the amended complaint since these parties were no longer John Doe parties but identified by name.

The third issue is whether issuance of a praecipe for certified mail service upon Sells and the two named defendants, who were originally John Doe defendants, constitutes an attempt to commence an action sufficient to invoke the one-year savings clause when the service was not complete because plaintiff voluntarily dismissed the action one day before the running of the one-year period. The answer to that question is that there was an attempt to commence the action within the one-year period interrupted by the voluntary dismissal even though actual service upon Sells was not yet obtained. In *Mason v. Waters* (1966), 6 Ohio St. 2d 212, the court held that the filing of a petition and praecipe for the issuance of summons does not constitute the commencement of an action or an attempt to commence an action equivalent to its commencement where there has been no effective service of summons upon defendants within the time limit prescribed by that statute. This holding was reaffirmed in *Lash v. Miller* (1977), 50 Ohio St. 2d 63, where the court held, pursuant to Civ. R. 3(A), that, if one year had passed after the filing of the complaint and no service had been made, a case was not commenced. The distinction in this case, however, is that proper certified mail service was requested against Sells before the one-year. period elapsed at which time the complaint was still alive; that period was interrupted by the voluntary dismissal of the action before it could be determined that effective service was not made within the one-year period. The foregoing action constituted an attempt to commence the action within the one-year period because an attempt to commence obviously contemplates something less than commencement. The savings statute is remedial in nature and is to be given a liberal construction. *Cero Realty Corp. v. American Mfrs. Mut. Ins. Co.* (1961), 70 Ohio St. 2d 82; *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St. 2d 222.

Additionally, it is clear that the complaint of February 8, 1990 was subject to the one-year savings statute and, hence, not subject to dismissal for lapse of the statute of limitations so far as the liability of the political subdivision is concerned. The dismissed complaint was served against Franklin County who is the political subdivision involved in this case, and the administrator of the Franklin County Juvenile Detention Center was served by title. Hence, there was a commencement in the first action against the political subdivision and the Juvenile Detention Center, and liability for negligence against the political subdivision, based upon allegations of R.C. Chapter 2744, were preserved by the voluntary dismissal due to an actual commencement. Thus, as far as liability of the political subdivision is concerned, we need not even rely upon an attempted commencement. Civ. R. 4.2(11) provides that service may be made against a county or upon any of its officers, agencies, districts, departments, institutions, or administrative units by serving the officer responsible for the administration of the office, agency, district, department, institution, or unit or by serving the prosecuting attorney of the county. The prosecuting attorney of Franklin County, the county commissioners and the administrator of the Franklin County Juvenile Detention

Center were all served by certified mail in the first case.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court for further procedure consistent with this opinion.

*Judgment reversed and*
*case remanded.*

STRAUSBAUGH and BRYANT, J.J., concur.