Lancaster Colony Corporation et al., Appellants, *v.*
Limbach, Tax Commr., Appellee.

[Cite as Lancaster Colony Corp. *v.* Limbach (1988), 37 Ohio St. 3d 198.]

(No. 87-305—Submitted April 5, 1988—Decided June 22, 1988.)

*Baker & Hostetler* and *Edward J. Bernert,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.*

I

Independent Contractor as "Employee"

The franchise tax is levied on a corporation's exercise of its franchise privileges in Ohio. R.C. 5733.01(A). The tax is the greater of the amounts calculated under either the net income method or the net worth method. R.C. 5733.06 and 5733.05(A) and (B).

R.C. 5733.05(B) provides for the net income computation. Income that cannot be allocated to Ohio under R.C. 5733.051 is apportioned under R.C.

5733.05(B)(2). This is done by applying a three-factor formula designed to represent the extent of a taxpayer's business activity in Ohio. The formula consists of a property factor, a payroll factor, and a sales factor. This case involves only the payroll factor that is described in R.C. 5733.05(B)(2)(b):

"The payroll factor is a fraction the numerator of which is the total amount paid in this state during the taxable year by the corporation for compensation, and the denominator of which is the total compensation paid everywhere by the corporation during such year:

"(i) Compensation means any form of remuneration paid to an employee for personal services.

"(* * *)"

The BTA found that appellant did not exercise the requisite control over the independent contractors and, thus, determined they were not employees. The contractors' manner of performance was left to them and they received a commission when they sold appellant's products. Appellant urges that the term "employee" is ambiguous and should be construed in its favor to include independent contractors.

Although doubt in construction of taxing statutes is to be resolved in the taxpayer's favor (*Gulf Oil Corp.* v. *Kosydar* [1975], 44 Ohio St. 2d 208, 73 O.O. 2d 507, 339 N.E. 2d 820), the first rule of statutory construction is to look at the statute's language to determine its meaning. "If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly. *Sears* v. *Weimer* (1944), 143 Ohio St. 312." *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105-106, 65 O.O. 2d 296, 298, 304 N.E. 2d 378, 381. We hold that the statute conveys a clear

meaning. Only compensation paid to an "employee" is included in the statutory payroll factor.

R.C. 1.42 requires that statutes be read in context and construed according to the rules of grammar and common usage. The term "employee" has acquired a common usage. In *Councell* v. *Douglas* (1955), 163 Ohio St. 292, 56 O.O. 262, 126 N.E. 2d 597, this court analyzed the distinction between a servant and his employer and an independent contractor and his employer. In paragraphs one and three of the syllabus, we stated:

"1. The relationship of principal and agent or master and servant is distinguished from the relationship of employer and independent contractor by the following test: Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for? If he did, the relationship is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor.

"* * *

"3. Where one employs another to do certain work for him, the mere right reserved by the employer to direct as to the quantity of work to be done, or the condition of the work when completed, is not a right to control the mode or manner of doing the work so as to justify the conclusion that the relationship between the employer and the contractor is either that of principal and agent or master and servant. (Paragraph four of the syllabus in *Hughes* v. *Railway Co.*, 39 Ohio St., 461, approved and followed.)"

More recently, in *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, 49, 15 OBR 145, 146, 472 N.E. 2d 335, 337, we stated:

"The principal feature which dis-

tinguishes the relationship of employer and employee from that of employer and independent contractor is the right to control the means or manner of doing the work. If the employer has the right to control, the worker is his employee. However, if the employer is merely interested in the result and does not retain the right to direct the manner in which the work is completed, the relationship is that of employer and independent contractor. *Councell* v. *Douglas* (1955), 163 Ohio St. 292 [56 O.O. 262], paragraph one of the syllabus."

"Employee" has a meaning in common usage which is distinct from the meaning of "independent contractor." Thus, the commission paid an independent contractor should not be included in the statutory payroll factor. The BTA's finding that appellant's sales agents were independent contractors is supported by the evidence, and the commissions paid them were correctly withheld from the statutory payroll factor.

## II

### Request for Alternative Method

Except for one subsidiary whose products were marketed by factory salespersons who had particular knowledge of the products, all of appellant's marketing was performed by independent contractors, whether in Ohio or not. Appellant argues that the statutory formula does not fairly represent its business activity in Ohio and urges the adoption of an alternative formula containing a payroll factor that includes these commissions. This request, for tax years 1979 and 1980 only, was made under R.C. 5733.05 (B)(2)(d):

"If the allocation and apportionment provisions of division (B) of this section do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may request, which request must be in writing and must accompany the report, or the tax commissioner may require, in respect to all or any part of the taxpayer's allocated or apportioned base, if reasonable, any one or more of the following:

"(i)  Separate accounting;

"(ii)  The exclusion of any one or more of the factors;

"(iii)  The inclusion of one or more additional factors which will fairly represent the taxpayer's allocated or apportioned base in this state.

"An alternative method will be effective only with approval by the tax commissioner."

In the course of rejecting the Tax Commissioner's directive that one particular alternative method be used to compute the sales factor for all interstate transportation companies, this court stated in *McLean Trucking Co.* v. *Lindley* (1982), 70 Ohio St. 2d 106, 114, 24 O.O. 3d 187, 192, 435 N.E. 2d 414, 419, the following:

"* * * More precisely, R.C. 5733.05 (B)(2)(d), by its express language, contemplates a customized, individualized allocation, tailored to each taxpayer on a case-by-case basis, when the three-factor formula of R.C. 5733.05(B) (2)(a), (b) and (c) does not fairly represent the extent of the taxpayer's business activity in Ohio.* * *"

Later, in *R.H. Macy & Co.* v. *Lindley* (1986), 25 Ohio St. 3d 218, 219, 25 OBR 279, 280, 495 N.E. 2d 948, 950, we stated:

"* * * For franchise tax purposes Ohio law assumes that the apportionment formula outlined in R.C. 5733.05 most fairly represents the extent of a foreign corporation's business activities in the state. This presumption is rebuttable * * *."

We continued at 220, 25 OBR at 280, 495 N.E. 2d at 950, as follows:

"Consequently, the burden is on the party wishing to depart from the apportionment formula to prove that another method more fairly represents the extent of its business activities in Ohio.* * *

"Since appellee in this case wished to depart from the apportionment formula, its burden before the BTA was to demonstrate that a separate accounting more fairly represented the extent of its business activities in Ohio. * * *'' (Citations omitted.)

In the instant case, the BTA correctly declared that the appellant had the burden of proving that its proposed formula more fairly represented the extent of its business activity in Ohio. The BTA, however, incorrectly required appellant to show that its business was unique and that the statutory formula distorted its business activity. The statute requires that the taxpayer's business activity be fairly represented by the allocation or apportionment. Our cases considering an alternative formula have, thus far, involved drastic distortions where drastic remedies were adopted. Drastic distortions are not the only unfair results that may be remedied; any unfair representation of a taxpayer's business activity may be corrected. Whether initiated by a taxpayer's request or the Tax Commissioner's requirement, an alternative formula is to be used if the statutory formula does not fairly represent a taxpayer's business activity in Ohio and the tailored, alternative formula, if reasonable, does. The BTA placed too great a burden on appellant, and this was unlawful.

In the instant case, appellant proposes a modest correction, even though its sales factors are grossly disproportionate to the property and payroll factors.[1] Although, as appellee argues, perfect accuracy is not possible, fairness is. Furthermore, we do not rule that every company that employs independent contractors may alter the statutory formula. This relief is to be granted on a case-by-case basis. If a taypayer does not establish that an alternative formula more fairly depicts its business activity in Ohio, it fails.

We also reject appellee's argument that, to succeed, a taxpayer must show that the Tax Commissioner has abused her discretion in not approving an alternative formula. The statute and our decisions require that a fair representation be established and, if reasonable, be approved.

Accordingly, the BTA's decision is affirmed in part and reversed in part and the cause is remanded to it for reconsideration in light of this opinion.

*Decision affirmed in part, reversed in part and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES AND WRIGHT, JJ., concur.

DOUGLAS and H. BROWN, JJ., dissent.

---

[1] Appellant's sales factors for the tax years 1979 and 1980 were .120052 and .114052, respectively; the property factors were .583774 and .599870. After the audit, appellee determined the payroll factors to be .715070 and .730187. Appellant proposes that the factors be .649352 and .663452.