OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Cooper Tire & Rubber Company, Appellant, v. Limbach, Tax
Commr., Appellee.
[Cite as Cooper Tire & Rubber Co. v. Limbach (1994),        Ohio
St.3d     .]
Taxation -- Franchise tax -- In four-fraction formula to
     determine extent of corporation's business activity in
     Ohio, R.C. 5733.05(B)(2)(a) requires including in the
     numerator the value of all property used in Ohio, it does
     not provide for an allocation of mobile property used
     inside and outside Ohio -- R.C. 5733.05(B)(2)(d) provides
     for alternative formula to determine extent of business
     activity in Ohio -- Tax Commissioner need not consider
     alternative formula, when -- Determining whether tax is
     fairly apportioned.
     (No. 93-1509 -- Submitted June 9, 1994 --  Decided
September 28, 1994.)
     Appeal from the Board of Tax Appeals, Nos. 90-A-1064,
90-A-1065 and 90-A-1066.
     Cooper Tire & Rubber Company, appellant, headquartered in
Findlay, Ohio, manufactures tires in Findlay, Texarkana,
Arkansas, and Tupelo, Mississippi.  It manufactures tubes in
Clarksdale, Mississippi, and Piedras Negras, Mexico.  In
connection with this manufacturing, Cooper operates
distribution centers at Moraine, Ohio; New Brunswick, New
Jersey; Kansas City, Missouri; Elk Grove Village, Illinois;
Buena Park, California; Fife, Washington; and Albany, Georgia.
     Cooper also manufactures auto-related rubber products,
hoses, gaskets, and sealings in its engineered products
division, headquartered in Auburn, Indiana.  This division owns
additional manufacturing plants in Bowling Green, Ohio, and
Eldorado, Arkansas.  Cooper does not operate any warehouses or
distribution centers for the engineered products division.
     For interplant hauling of the finished product, Cooper
leases tractors and trailers and manages a private fleet.
Cooper hauls a small percentage of the product with this fleet;
most of the product, however, is hauled by commercial
vehicles.  Cooper leases eight tractors and domiciles them at a
truck maintenance facility in Findlay.  Six of the tractors

haul trailers out-of-state while two haul exclusively intrastate.  Cooper pays as rent for the tractors a fixed charge with a mileage component.  Cooper keeps the trailers at the manufacturing plants and leases them for a flat charge. All this equipment has an Ohio domicile.

Cooper also owns a prop-driven aircraft and a jet-propelled aircraft.  Cooper hangars these aircraft in Findlay, and its employees utiliize them for travel between Findlay and other plant locations.

In filing franchise tax returns for 1985 through 1987, Cooper, for the net-income-basis property fraction, apportioned in and out of Ohio the value of the tractors and trailers by allocating their values according to the mileage driven in Ohio over the total mileage driven everywhere.  It calculated the payroll fraction in the same manner.

As to the aircraft, for its 1985 through 1987 franchise tax reports, Cooper calculated the property fraction by allocating values according to hours flown in Ohio over total air hours flown everywhere.  It also allocated the compensation paid the pilots in the same way for the payroll fraction. Cooper applied for a refund for tax year 1984 based on similar allocations of mileage and hours flown applied to the tractors, trailers, aircraft, and compensation.

In allocating the property and payroll in its reports, Cooper did not request, in a separate writing, that the commissioner treat its equipment this way.  Cooper applied the allocation formula to the tractors that it used solely within Ohio.  Finally, Cooper did not allocate the value of the equipment or the payroll to any other state in which it filed franchise tax returns, corporate income tax returns, or returns for taxes similar to the Ohio franchise tax.

The commissioner audited these returns and rejected these allocations.  She also denied the refund for 1984.  Instead, she included the values of all the equipment and all the payroll in the numerators and the denominators of the property and payroll fractions, respectively.

On appeal, the Board of Tax Appeals ("BTA") affirmed.  The BTA ruled that R.C. 5733.05 required Cooper to apportion the value of its mobile property, and compensation for employees operating this property, to Ohio without allocation.  The BTA, further, found that Cooper had not requested an alternative approach to compute these fractions under R.C. 5733.05(B)(2)(d) and that Cooper had not established any discriminatory application of the statutes.

The cause is now before this court upon an appeal as of right.

Jones, Day, Reavis & Pogue and John C. Duffy, Jr., for appellant.
Lee Fisher, Attorney General, and Richard C. Farrin, Assistant Attorney General, for appellee.

Per Curiam.  Cooper presents three arguments: (1) R.C. 5733.05(B)(2)(a) should be interpreted to permit apportioning this mobile tangible personal property and compensation for employers operating this property; (2) Cooper established, under R.C. 5733.05(B)(2)(d), that an alternative formula to

allocate these property values would more fairly represent the extent of Cooper's business in Ohio; and (3) the Federal Commerce and Equal Protection Clauses require apportioning the mobile equipment and the compensation paid to truck drivers and pilots.  The commissioner denies these claims and also asserts that Cooper did not request an alternative formula in writing in an attachment to its reports.  We agree with the commissioner and affirm the BTA's decision.

Under the franchise tax net income basis, Ohio allocates some income, usually according to the situs of the property producing the income, to Ohio and apportions unallocated income according to the four-fraction apportionment formula of R.C. 5733.05(B).  Am. Home Products, Corp. v. Limbach (1990), 49 Ohio St.3d 158, 159, 551 N.E. 2d 201, 203.  The four-fraction formula, designed to attribute to Ohio the extent of the corporation's business activity in Ohio, id., is an average of the property fraction, the payroll fraction, and the sales fraction twice.  R.C. 5733.05(B)(2); see Lancaster Colony Corp. v. Limbach (1988), 37 Ohio St.3d 198, 199, 524 N.E. 2d 1389, 1390.

As to whether R.C. 5733.05(B)(2)(a) allows the proposed allocation, this statute states:

"The property factor is a fraction the numerator of which is the average value of the corporation's real and tangible personal property owned or rented, and used in the trade or business in this state during the taxable year, and the denominator of which is the average value of all the corporation's real and tangible personal property owned or rented, and used in the trade or business everywhere during such year. * * *

"(i) Property owned by the corporation is valued at its original cost.  Property rented by the corporation is valued at eight times the net annual rental rate. * * *"

We read the statute to disallow allocating the value of the property according to use inside and outside Ohio.  R.C. 5733.05(B)(2)(a) requires including in the numerator the value of all property used inside Ohio; it does not provide for an allocation of mobile property used inside and outside Ohio.  We view this section in contrast with R.C. 5733.05(B)(2)(b), which describes the payroll fraction.  This latter section allows for allocation according to in-state and out-of-state mileage for compensation paid to an employee of a common or contract carrier.  Had the General Assembly chosen to allocate the disputed property as Cooper proposes, the General Assembly would have stated such treatment as explicitly as it had in the payroll fraction for common and contract carriers.  Moreover, as the BTA observed, division (B)(2)(d) provides for an alternative formula if a taxpayer believes that the apportionment formula does not fairly represent the extent of its business activity in Ohio.

Turning next to the alternative formula argument, R.C. 5733.05(B)(2)(d) requires the taxpayer to request the alternative formula in writing and to submit it with the report.  We so held in Lancaster Colony Corp. v. Limbach, supra, when we, 37 Ohio St. 3d at 200, 524 N.E. 2d at 1391, allowed an alternative formula for the tax years for which the taxpayer had made a request.  Since Cooper did not request an

alternative formula in writing and did not submit the request with its reports, the commissioner need not consider an alternative formula here.

Finally, as to the constitutional challenges, Cooper first contends that failing to apportion the property under the property fraction and the compensation under the payroll fraction violates the fair apportionment prong of the Commerce Clause test set forth in Complete Auto Transit, Inc. v. Brady (1977), 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326, 331.

To determine whether a tax is fairly apportioned, we must examine whether it is internally and externally consistent. Goldberg v. Sweet (1989), 488 U.S. 252, 261-262, 109 S.Ct. 582, 589, 102 L.Ed. 2d 607, 617. According to Goldberg:

"To be internally consistent, a tax must be structured so that if every State were to impose an identical tax, no multiple taxation would result. * * *

"* * *

"The external consistency test asks whether the State has taxed only that portion of the revenues from the interstate activity which reasonably reflects the in-state component of the activity being taxed. * * *" Id.

As to the internally consistent claim, we conclude that if every state required taxpayers to include mobile property sitused in their state in the numerator of the property fraction, as Ohio does, the property would only be included in one state's numerator. Thus, no multiple taxation would result.

As to the external consistency test, Cooper failed to prove by clear and cogent evidence that the income attributed to Ohio is in fact out of all appropriate proportion to the business transacted in Ohio or leads to a grossly distorted result. Trinova Corp. v. Michigan Dept. of Treasury (1991), 498 U.S. 358, 380, 111 S. Ct. 818, 832, 112 L. Ed. 2d 884, 908-909. The record shows how Cooper allocated the value of the property and the compensation paid to its employees; it does not show that the statute's allocation unconstitutionally affects the income attributed to Ohio.

Finally, as to Cooper's equal protection argument, we hold that Cooper has not negated every conceivable basis which might support the tax. Lehnhausen v. Lakeshore Auto Parts Co. (1973), 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed. 2d 351. Cooper maintains that it ought to be treated the same way as common and contract carriers. However, Cooper earns its profit from manufacturing while common and contract carriers earn profits from hauling. Thus, a common or contract carrier's use of its tractors and trailers relates more directly to its income than Cooper's use of its private fleet. We conclude that this is a rational basis for the distinction. Consequently, we reject Cooper's equal protection argument.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.