COOPER TIRE & RUBBER COMPANY, APPELLANT,

*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Cooper Tire & Rubber Co. v. Limbach*
(1994), 70 Ohio St.3d 347.]

(No. 93–1509—Submitted June 9, 1994—Decided September 28, 1994.)

348

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.*, for appellant.

*Lee Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

*Per Curiam.* Cooper presents three arguments: (1) R.C. 5733.05(B)(2)(a) should be interpreted to permit apportioning this mobile tangible personal property and compensation for employees operating this property; (2) Cooper established, under R.C. 5733.05(B)(2)(d), that an alternative formula to allocate these property values would more fairly represent the extent of Cooper's business in Ohio; and (3) the federal Commerce and Equal Protection Clauses

require apportioning the mobile equipment and the compensation paid to truck drivers and pilots. The commissioner denies these claims and also asserts that Cooper did not request an alternative formula in writing in an attachment to its reports. We agree with the commissioner and affirm the BTA's decision.

Under the franchise tax net income basis, Ohio allocates some income, usually according to the situs of the property producing the income, to Ohio and apportions unallocated income according to the four-fraction apportionment formula of R.C. 5733.05(B). *Am. Home Products, Corp. v. Limbach* (1990), 49 Ohio St.3d 158, 159, 551 N.E.2d 201, 203. The four-fraction formula, designed to attribute to Ohio the extent of the corporation's business activity in Ohio, *id.*, is an average of the property fraction, the payroll fraction, and the sales fraction twice. R.C. 5733.05(B)(2); see *Lancaster Colony Corp. v. Limbach* (1988), 37 Ohio St.3d 198, 199, 524 N.E.2d 1389, 1390.

As to whether R.C. 5733.05(B)(2)(a) allows the proposed allocation, this statute states:

"The property factor is a fraction the numerator of which is the average value of the corporation's real and tangible personal property owned or rented, and used in the trade or business in this state during the taxable year, and the denominator of which is the average value of all the corporation's real and tangible personal property owned or rented, and used in the trade or business everywhere during such year. * * *

"(i) Property owned by the corporation is valued at its original cost. Property rented by the corporation is valued at eight times the net annual rental rate. * * * "

We read the statute to disallow allocating the value of the property according to use inside and outside Ohio. R.C. 5733.05(B)(2)(a) requires including in the numerator the value of all property used inside Ohio; it does not provide for an allocation of mobile property used inside and outside Ohio. We view this section in contrast with R.C. 5733.05(B)(2)(b), which describes the payroll fraction. This latter section allows for allocation according to in-state and out-of-state mileage for compensation paid to an employee of a common or contract carrier. Had the General Assembly chosen to allocate the disputed property as Cooper proposes, the General Assembly would have stated such treatment as explicitly as it had in the payroll fraction for common and contract carriers. Moreover, as the BTA observed, division (B)(2)(d) provides for an alternative formula if a taxpayer believes that the apportionment formula does not fairly represent the extent of its business activity in Ohio.

Turning next to the alternative formula argument, R.C. 5733.05(B)(2)(d) requires the taxpayer to request the alternative formula in writing and to submit it with the report. We so held in *Lancaster Colony Corp. v. Limbach, supra,* when

we, 37 Ohio St.3d at 200, 524 N.E.2d at 1391, allowed an alternative formula for the tax years for which the taxpayer had made a request. Since Cooper did not request an alternative formula in writing and did not submit the request with its reports, the commissioner need not consider an alternative formula here.

Finally, as to the constitutional challenges, Cooper first contends that failing to apportion the property under the property fraction and the compensation under the payroll fraction violates the fair apportionment prong of the Commerce Clause test set forth in *Complete Auto Transit, Inc. v. Brady* (1977), 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326, 331.

To determine whether a tax is fairly apportioned, we must examine whether it is internally and externally consistent. *Goldberg v. Sweet* (1989), 488 U.S. 252, 261–262, 109 S.Ct. 582, 589, 102 L.Ed.2d 607, 617. According to *Goldberg:*

"To be internally consistent, a tax must be structured so that if every State were to impose an identical tax, no multiple taxation would result. * * *

" * * * *

"The external consistency test asks whether the State has taxed only that portion of the revenues from the interstate activity which reasonably reflects the in-state component of the activity being taxed. * * * " *Id.*

As to the internally consistent claim, we conclude that if every state required taxpayers to include mobile property sitused in their state in the numerator of the property fraction, as Ohio does, the property would only be included in one state's numerator. Thus, no multiple taxation would result.

As to the external consistency test, Cooper failed to prove by clear and cogent evidence that the income attributed to Ohio is in fact out of all appropriate proportion to the business transacted in Ohio or leads to a grossly distorted result. *Trinova Corp. v. Michigan Dept. of Treasury* (1991), 498 U.S. 358, 380, 111 S.Ct. 818, 832, 112 L.Ed.2d 884, 908–909. The record shows how Cooper allocated the value of the property and the compensation paid to its employees; it does not show that the statute's allocation unconstitutionally affects the income attributed to Ohio.

Finally, as to Cooper's equal protection argument, we hold that Cooper has not negated every conceivable basis which might support the tax. *Lehnhausen v. Lakeshore Auto Parts Co.* (1973), 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351. Cooper maintains that it ought to be treated the same way as common and contract carriers. However, Cooper earns its profit from manufacturing while common and contract carriers earn profits from hauling. Thus, a common or contract carrier's use of its tractors and trailers relates more directly to its income than Cooper's use of its private fleet. We conclude that this is a rational

basis for the distinction. Consequently, we reject Cooper's equal protection argument.

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.