OPINION
{¶ 1} Plaintiff-Appellant, James C. Alexander, Jr., appeals the June 24, 2008 decision of the Stark County Court of Common Pleas to grant summary judgment in favor of Defendants-Appellees, Mark Yackee, A.A. Hammersmith Insurance Inc., and Auto Owners Mutual Insurance Company. Appellant also appeals the August 12, 2008 trial court decision to grant Appellees' request for sanctions pursuant to R.C. 2323.51. The facts giving rise to this appeal are as follows.
 {¶ 2} In 1975, Appellant, Appellant's father, James C. Alexander, Sr. ("Alexander, Sr."), and Alexander, Sr.'s son-in-law, Jeffrey Solly, purchased a building located at 236 — 6th Street, N.E., Massillon, Ohio ("the 6th Street Building"). Alexander, Sr. purchased Jeff Solly's interest in the 6th Street Building and from the 1980's to the present, Alexander, Sr. and Appellant were equal owners of the 6th Street Building.
 {¶ 3} The 6th Street Building was an apartment building and the Alexanders used it as rental property. Alexander, Sr. paid the mortgage on the 6th Street Building, but Appellant did all the maintenance work and repairs to the property. Further, Alexander, Sr. maintained the accounting books from the property and made the business decisions, including the selection of insurance coverage, for the property. Any profits generated from the operation of the 6th Street Building were shared 50%-50% between Alexander, Sr. and Appellant. Any such profits were either distributed as cash, check, or remained in a bank account.
 {¶ 4} While Appellant and Alexander, Sr. jointly owned the 6th Street Building as individuals, the rental property was subject to a partnership named "Alexander-2." Pursuant to Form 1065, the U.S. Return of Partnership Income, Appellant and *Page 3 
Alexander, Sr. were partners in a general domestic partnership of which the principal business activity was "rental property." The tax return lists the date Appellant and Alexander, Sr. started the business as April 15, 1975. The general domestic partnership address is Alexander, Sr.'s home address. On Form 8825, the Rental Real Estate Income and Expenses of a Partnership or an S Corporation, Alexander-2 lists the rental property subject to the general domestic partnership as "Oak Villa Apts. 236 — 6th St. N.E., Massillon, OH 44646." On the Schedule K-1 of Form 1065, Alexander-2 identifies that Appellant and Alexander, Sr. are the individual partners, equally sharing in profits, loss and capital.
 {¶ 5} As previously indicated, Appellant understood that Alexander, Sr. was responsible for all decisions made regarding the placement of insurance coverage on the 6th Street Building. In August 2001, Alexander, Sr. purchased a commercial coverage insurance policy issued by Erie Insurance Exchange for the 6th Street Building ("the Erie policy"). The policy included the following language:
 {¶ 6} "We will mail written notice of cancellation to the first Named Insured, and agent if any, at the last mailing address known to us. Proof of mailing will be sufficient proof of notice."
 {¶ 7} Alexander, Sr., Barbara Alexander (Alexander, Sr.'s wife and Appellant's mother) and Appellant were listed as the named insureds on the Erie policy. Alexander, Sr. was the first named insured on the policy.
 {¶ 8} At the time he purchased the Erie policy, Alexander, Sr. listed 124 — 8th Street N.E., Massillon, Ohio, as his mailing address. Appellant and Barbara Alexander owned the 8th
Street property. Alexander, Sr. managed the insurance coverage on the *Page 4 
property and maintained an office at the property. In 2003, Alexander, Sr. closed the office located on the property and began conducting business related to the 6th Street Building from his personal residence. He changed the mailing address on the Erie policy to his home address of 7193 Shady Hollow Road N.W., Canton, Ohio. At no time pertinent to this matter has Appellant resided at the Shady Hollow residence.
 {¶ 9} In August 2005, Alexander, Sr. contacted Erie to make a claim for water damage at the 6th Street Building. Erie informed Alexander, Sr. that such damage was not covered under his policy. Upon further examination of the policy terms, Alexander, Sr. determined that the 6th Street building was not fully insured for fire loss under the Erie policy. In order to fully insure the 6th Street Building, the premiums would be dramatically increased. As a result of his inquiries, Alexander, Sr. canceled the policy on the 6th Street building.
 {¶ 10} Alexander, Sr. then met with Defendant-Appellee, Mark Yackee, an insurance agent with Defendant-Appellee, A.A. Hammersmith Insurance Inc. Alexander, Sr. had previously worked with Yackee to obtain insurance coverage. Appellant never had any dealings with Yackee. Alexander, Sr. informed Yackee that he had canceled his insurance coverage with Erie and then instructed Yackee to place liability insurance coverage only on the 6th Street Building while Yackee secured quotes for property coverage. Yackee quoted a price for property coverage under an Auto Owners Mutual Insurance Company policy; however, Alexander, Sr. felt the price for such a policy was too high and asked Yackee to continue to look for a better price.
 {¶ 11} Pursuant to Alexander, Sr.'s instructions, Yackee prepared a liability coverage policy for the 6th Street Building issued by Defendant-Appellee, Auto Owners *Page 5 
Mutual Insurance Company. Previous to this time, in 2004, Alexander, Sr. had requested Yackee prepare insurance quotes on the 6th
Street Building and 8th Street property. In gathering information for the preparation of the quotes, Yackee downloaded real estate information from the Stark County Auditor's website. In regards to the 6th Street Building, the property owners were listed as "James C. Alexander, et al." The 8th Street property listed "James C. Alexander, Jr. and Barbara Alexander" as the property owners. When Yackee prepared the liability coverage for the 6th Street Building, he listed the applicants as "James C. Alexander, Sr. and Barbara J. Alexander."
 {¶ 12} The commercial general liability coverage insurance policy issued by Auto Owners for the 6th Street Building listed "James C. Alexander, Sr. and Barbara J. Alexander" as the named insureds. Appellant was not listed as a named insured under the policy. After the policy was issued to Alexander, Sr., he realized that Appellant was not named as an insured on the policy. Alexander, Sr. testified he contacted Yackee to correct the error, although this issue is disputed by Yackee. Appellant never received a copy of the Auto Owners policy from his father, Yackee or Auto Owners.
 {¶ 13} On August 9, 2005, Erie sent a cancellation notice of the insurance policy covering the 6th Street Building to Alexander, Sr. at the Shady Hollow address. Alexander, Sr. never forwarded the cancellation notice to Appellant nor verbally notified him of the cancellation.
 {¶ 14} On July 21, 2006, a fire resulting from a tenant's negligence destroyed the 6th Street Building. It was not until after the fire that Appellant learned his father had *Page 6 
canceled the Erie policy on the 6th Street Building and had obtained liability coverage only through Auto Owners.
 {¶ 15} On September 19, 2007, Appellant filed his complaint in the Stark County Court of Common Pleas against Erie and Appellees for damages as a result of the destruction of the 6th Street Building. Specifically, Appellant asserted a negligence claim against Erie for failure to notify him that the Erie policy had been canceled. Appellant also brought negligence claims against Yackee, Hammersmith and Auto Owners for failure to name him on and to provide him with a copy of the liability insurance policy issued for the 6th Street Building.
 {¶ 16} Erie filed a motion for summary judgment on December 10, 2007 and Appellees filed their motions for summary judgment on January 23, 2008. Appellant filed his cross-motion for summary judgment. On April 17, 2008, the trial court granted Erie's motion for summary judgment and overruled Appellees' and Appellant's motions for summary judgment.
 {¶ 17} The trial court denied Appellees' motions for summary judgment because the Civ. R. 56 evidence created a genuine issue of material fact as to Appellees' negligence in their failure to list Appellant as a named insured on the liability policy for the 6th Street Building. Thereafter, Appellees filed a renewed motion for summary judgment based upon the above-mentioned federal partnership tax returns obtained through discovery. Appellees argued that the tax records filed from 2002 to 2007 demonstrated a partnership existed between Appellant and his father, the principal business activity of which was the management of the rental property located at the 6th
Street Building. Therefore based upon partnership law, Alexander, Sr. was acting on *Page 7 
behalf of the partnership when he instructed Yackee to insure the 6th Street Building for liability only.
 {¶ 18} Appellees also filed a motion for sanctions pursuant to R.C. 2323.51. Appellees' motion was based upon Appellant's discovery responses and affidavit, which denied the existence of a partnership in relation to the rental property located at the 6th Street Building. Appellees argued the partnership tax returns obtained through discovery proved the existence of a partnership between Appellant and his father specifically in regards to the 6th Street Building, thereby demonstrating Appellant's frivolous conduct under R.C. 2323.51(A)(2)(a) in the pursuit of this case.
 {¶ 19} On June 24, 2008, based upon the federal partnership tax returns, the trial court granted Appellees' motions for summary judgment. The trial court then held a hearing regarding Appellees' motion for sanctions. Appellant testified at the hearing. On August 12, 2008, the trial court granted Appellees' motion for sanctions and ordered Appellant to pay $17,807.84 for legal expenses and fees as incurred by Appellees in the defense of this matter.
 {¶ 20} It is from these decisions Appellant now appeals. Appellant raises two Assignments of Error:
 {¶ 21} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MARK YACKEE AND A.A. HAMMERSMITH INSURANCE AGENCY.
 {¶ 22} "II. THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SANCTIONS FILED BY MARK YACKEE AND A.A. HAMMERSMITH INSURANCE AGENCY." *Page 8 
 I. {¶ 23} Appellant argues in his first Assignment of Error the trial court erred when it granted summary judgment in favor of Appellees, Yackee and Hammersmith.[1]
 {¶ 24} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 25} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 26} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 27} The trial court determined in its June 24, 2008 judgment entry granting summary judgment in favor of Appellees that a partnership existed between Appellant and his father. The trial court then analyzed the negligence causes of action presented in Appellant's complaint in light of the existence of the partnership, the principal *Page 9 
business activity of which was the renting of the property at issue. The trial court found, based upon statutory partnership law, Appellant's negligence claims against Appellees could not stand pursuant to the existence of the partnership between Appellant and his father. The Civ. R. 56 evidence presented in the case, analyzed in conjunction with the applicable partnership statutes, led the trial court to determine that reasonable minds could only conclude that Alexander, Sr. was acting on behalf of the partnership when he instructed Yackee to insure the property at issue for liability only. The trial court further concluded that because Alexander, Sr. was acting on behalf of the partnership of which Appellant was a partner, knowledge of the choice of insurance coverage for the 6th Street Building was imputed to Appellant, therefore resolving any duty upon Appellees to provide Appellant with a copy of the Auto Owners insurance policy.
 {¶ 28} Appellant does not dispute the existence of the partnership between Appellant and his father, but argues the trial court incorrectly interpreted the applicable partnership statutes and the implication of those statutes on the duties of Appellees to Appellant. Appellant argues that regardless of the existence of the partnership, Yackee still owed a duty to Appellant, the property owner of the 6th Street Building, to notify Appellant of the insurance coverage for the building.
 {¶ 29} Appellant's first argument is that "Alexander-2" does not own the 6th Street Building. As stated above, the Stark County Auditor reflects that "James C. Alexander, et al." are the owners of the building. Because the partnership does not own the building, Appellant argues the trial court was in error when it relied upon partnership law to find no duty existed on the part of Appellees. The specific statute at issue, raised by *Page 10 
Appellees in their motion for summary judgment and relied on upon by the trial court is R.C. 1775.08(A), which states,
 {¶ 30} "Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."
 {¶ 31} Appellant argues the word "apparently" as used in the statute is determinative of the question of Appellees' duty to Appellant. Appellees had no knowledge of the existence of the partnership between Appellant and his father, it was therefore not apparent to Yackee that Alexander, Sr. was acting on behalf of the partnership when he chose liability coverage for the 6th Street Building. Therefore, Appellees' failure to forward the insurance policy to Appellant cannot be excused by the existence of the partnership.
 {¶ 32} We find under the facts of this case, Appellant's interpretation of the statute incorrectly emphasizes the knowledge of the third party to this particular business dealing. "The first rule of statutory construction is to look at the statute's language to determine its meaning. If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms." Columbia Gas Transmission Corp. v. Levin,117 Ohio St.3d 122, 882 N.E.2d 400, 2008-Ohio-511 at ¶ 19, citing,Lancaster Colony Corp. v. Limbach (1988), 37 Ohio St .3d 198, 199,524 N.E.2d 1389. Applying the facts of this case to *Page 11 
R.C. 1775.08(A) in its entirety, we find that the act of Alexander, Sr. in selecting insurance coverage for the 6th Street Building bound the partnership.
 {¶ 33} While Appellant focuses on the word "apparently," we find the language of the statute read in its entirety to be dispositive. "* * * [T]he act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority." (Emphasis added). R.C. 1775.08(A).
 {¶ 34} First, there is no genuine issue of fact that a partnership existed between Appellant and his father, the principal business activity of which was the rental property located at the 6th Street Building. Second, as Appellant testified in his deposition, Appellant expressly delegated Alexander, Sr. to handle all insurance matters relative to the property at issue on his behalf. For example, Appellant testified,
 {¶ 35} "Q. At any time, did you have communications with an insurance agent to place any type of insurance coverage on 236 Sixth Street, Northeast?
 {¶ 36} "A. No, my dad took care of that.
 {¶ 37} "Q. Did he do those tasks with your permission?
 {¶ 38} "A. Correct.
 {¶ 39} "Q. And you and your father were partners in owning that property?
 {¶ 40} "A. Correct." (Appellant Depo., pp. 7-8). See also, Appellant Depo. pp. 14, 16, 17. *Page 12 
 {¶ 41} No Civ. R. 56 evidence has been presented that Appellant did not authorize his father to place liability coverage only on the 6th Street Building. We find that reasonable minds can only conclude that Alexander, Sr. had authority to make decisions regarding insurance coverage for the 6th Street Building. Accordingly, in viewing the evidence in a light most favorable to Appellant, we determine Appellant's business partner was carrying on the usual business of the partnership in securing insurance coverage for the 6th Street Building and Alexander, Sr. had authority to act for the partnership on the particular matter, pursuant to R.C. 1775.08(A). Further, there has been no evidence presented to demonstrate Appellees had knowledge that Alexander, Sr. had no authority to make such decisions.
 {¶ 42} Assuming arguendo Alexander, Sr.'s act of obtaining liability coverage was not "apparently" for the carrying on the business of the partnership from the Appellees' perspective, we find that this does not create a genuine issue of material fact. R.C. 1775.08(B) states,
 {¶ 43} "An act of a partnership which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners."
 {¶ 44} As stated above, the Civ. R. 56 evidence presented demonstrates that Appellant authorized his father and business partner to make the decisions regarding the selection of insurance coverage on the 6th Street Building.
 {¶ 45} As Alexander, Sr.'s act of selecting insurance coverage is binding upon the partnership, the knowledge of his act can then be imputed to his son and business partner pursuant to R.C. 1775.11. The statute reads, *Page 13 
 {¶ 46} "Notice to any partner of any matter relating to partnership affairs, and the knowledge of the partner acting in the particular matter, acquired while a partner or then present to his mind, and the knowledge of any other partner who reasonably could and should have communicated it to the acting partner, operates as notice to or knowledge of the partnership, except in the case of a fraud on the partnership committed by or with the consent of that partner."
 {¶ 47} There has been no evidence presented that Alexander, Sr.'s decision to secure liability coverage only on the 6th
Street Building was a fraud on the partnership. We therefore impute Alexander, Sr.'s knowledge of the selection of insurance coverage for the 6th Street Building to Appellant. Appellant's deposition demonstrated that Appellant and his father consulted each other regarding insurance matters for the property. Appellant testified,
 {¶ 48} "Q. Did your father ever consult with you regarding the insurance issues for 236 Sixth Street, Northeast?
 {¶ 49} "A. All the time, correct.
 {¶ 50} "Q. Did he share with you the policies of insurance for that property, let you see them?
 {¶ 51} "A. If I wanted to.
 {¶ 52} "Q. Did you ever request that at any time from 1975 to the present?
 {¶ 53} "A. Oh, he would show me certain things, like, well, this is the liability we got on this, you know. He's teaching me. He's my advisor." (Appellant Depo., p. 8).
 {¶ 54} We find therefore the trial court correctly determined that due to the existence of a partnership between Appellant and his father and Alexander, Sr.'s notice *Page 14 
of the limited coverage on the building, Appellees had no duty to place Appellant on the liability policy or to notify him of the same.
 {¶ 55} Appellant's first Assignment of Error is overruled.
 II. {¶ 56} Appellant argues in his second Assignment of Error the trial court erred in awarding sanctions to Appellees based upon their motion for sanctions pursuant to R.C. 2323.51. We disagree.
 {¶ 57} This Court outlined the standard of review in Kinnison v.Advance Stores Company, Richland App. No. 2005CA0011, 2006-Ohio-222. R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. "Frivolous conduct," as defined in R.C. 2323.51(A)(2)(a)(ii), (iii) and (iv), includes conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law," conduct that "consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery" and conduct that "consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."
 {¶ 58} As the court found in Wiltberger v. Davis (1996),110 Ohio App.3d 46, 673 N.E.2d 628, no single standard of review applies in R.C. 2323.51 cases, and the *Page 15 
inquiry necessarily must be one of mixed questions of law and fact. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court.Wiltberger, supra, at 51-52, 673 N.E.2d 628. "When an inquiry is purely a question of law, clearly an appellate court need not defer to the judgment of the trial court. Id. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. Id. This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578." Id. at 51-52, 376 N.E.2d 578.
 {¶ 59} Where a trial court has found the existence of frivolous conduct, the decision whether or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52, 376 N.E.2d 578,110 Ohio App.3d 46, 673 N.E.2d 628. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable. Tracy v. Merrell-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875. Furthermore, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv., Inc. (2000),140 Ohio App.3d 713, 748 N.E.2d 1200.
 {¶ 60} Appellees' claim of frivolous conduct is based upon Appellant's denial of the existence of a business partnership between Appellant and his father in relation to the 6th Street Building. In Appellant's affidavit attached to his response to summary *Page 16 
judgment motions filed January 28, 2008, Appellant specifically states, "There was never a written agreement with my mother and father regarding the rental properties. I did do maintenance on the properties. There was never any partnership, and we filed our tax returns separately."
 {¶ 61} Appellant's denial of the existence of a business partnership is in contradiction with the information contained in the tax returns filed by the partnership during the years 2002 to 2007, obtained through discovery. Appellant argues in his brief that the contradiction between his sworn affidavit and the federal tax return documents was based upon a mistake.
 {¶ 62} The trial court held a hearing on Appellees' motion for sanctions on August 8, 2008. Appellant has not filed a copy of the hearing transcript for this Court's review, stating in his brief that the transcript is unnecessary because Appellant does not point to any error that occurred at the hearing. R.C. 2323.51 outlines the procedures a trial court must follow prior to making a determination of frivolous conduct. Specifically, according to R.C. 2323.51(B)(2), a trial court must,
 {¶ 63} "(a) [Set] a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 {¶ 64} "(b) [Give] notice of the date of [that] hearing * * * to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct; [and]
 {¶ 65} "(c) [Conduct] the hearing described in division (B)(2)(a) of this section, allow[ing] the parties and counsel of record involved to present any relevant evidence at *Page 17 
the hearing, including evidence of the type described in division (B)(5) of this section, [determine] that the conduct in question was frivolous and that a party was adversely affected by it, and then [determine] the amount of the award to be made."
 {¶ 66} Upon our review of the arguments presented, we find the issues implicate R.C. 2323.51(A)(2)(a)(iii) and (iv), therefore involving factual considerations. As such, we review the trial court's determination of the existence of frivolous conduct under a standard of review akin to the manifest weight of the evidence; we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. Our next determination is then whether the trial court's decision to impose a penalty was an abuse of discretion.
 {¶ 67} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, State v. Skaggs (1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 68} This principle is embodied in App. R. 9(B), which states in relevant part:
 {¶ 69} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all *Page 18 
evidence relevant to the findings or conclusion." App. R. 9(B); see, also, Streetsboro v. Hughes (July 31, 1987), 11th Dist. No. 1741.
 {¶ 70} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As Appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Ridgway (Feb. 1, 1999), 5th Dist. No. 1998CA00147, citing Knapp, supra.
 {¶ 71} Under the circumstances, a transcript of the proceedings is necessary for a complete review of the error assigned in Appellant's brief. R.C. 2323.51(B)(2)(a) states that the trial court must set the matter for a hearing to determine if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award. Further, because the arguments involve factual considerations, we must review the record to determine if the trial court's determination is supported by competent and credible evidence. Indeed, the trial court stated it considered the testimony at the hearing in reaching its decision. As Appellant has failed to provide this Court with a transcript, we must presume regularity of the proceedings below and affirm.
 {¶ 72} Appellant's second Assignment of Error is overruled. *Page 19 
 {¶ 73} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Delaney, J. Gwin, P.J. and Boggins, V.J. concur. *Page 20 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is AFFIRMED. Costs assessed to Appellant.
[1] Appellant does not assign as error the granting of summary judgment in favor of Erie and Auto Owners.