OPINION *Page 2 
{¶ 1} Defendant-Appellant, Chester Coburn, appeals the decision of the Mansfield Municipal Court to grant summary judgment in favor of Plaintiff-Appellee, Recovery Management Systems, Ltd.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant entered into a retail installment agreement contract and security agreement with Pro Car Auto Group, Inc. on December 29, 2005 for the purchase of a 1996 Chevrolet pickup truck. Pro Car Auto Group, Inc. financed $8,425.81 of the purchase price of the vehicle at an interest rate of 24.95%. Appellant was to make weekly payments in the amount of $78.38 for 166 weeks. (Exhibit A).
 {¶ 3} The retail installment agreement contract and security agreement states that the contract and security agreement were assigned to Atlantic Financial Services, Inc. under the terms of the assignment by seller on page 2.[1] The assignment is signed by the seller and dated December 29, 2005.
 {¶ 4} Appellant defaulted on his payments under the terms of the retail installment agreement contract and security agreement. On May 1, 2006, Atlantic Financial Services, Inc. executed an assignment of collection rights to Recovery Management Systems, Ltd. (Exhibit B). Representatives from Atlantic Financial Services and Recovery Management Systems signed the assignment. The assignment states as follows: *Page 3 
 {¶ 5} "Atlantic Financial Services, Inc. ("Client") hereby assigns to Recovery Management Systems, Ltd. ("Agency"), all authority necessary to process collection claims Client places with Agency.
 {¶ 6} "Either party hereto may cancel this Assignment by giving the other party 30-day written notice.
 {¶ 7} "Client agrees to provide support as necessary to Agency to assist Agency collection efforts on behalf of Client.
 {¶ 8} "Their duly authorized and empowered representatives enter into this agreement by and between
 {¶ 9} "CLIENT and AGENCY on this 1st day ofMay, 2006."
 {¶ 10} Appellee filed its complaint on account against Appellant in the Mansfield Municipal Court on May 8, 2007. The complaint alleged Appellant defaulted under the terms of the retail installment agreement contract and security agreement and demanded judgment against Appellant in the amount of $3,936.43 plus accrued interest of $86.11 through April 16, 2007 plus interest thereafter on the principal balance at the statutory rate and costs. Appellant answered the complaint and raised the affirmative defense that the assignment of collection rights did not comply with Ohio law.
 {¶ 11} Appellee filed a motion for summary judgment on October 30, 2007. In its motion, it attached an affidavit prepared by Appellee's agent that stated on March 15, 2007, Atlantic Financial Services, Inc. assigned its collection rights to Appellee. The affidavit further stated that Atlantic Financial Services, Inc. sent Appellant notice of default, right to cure, right to inspect the repossessed collateral pursuant to R.C. 1317.12, and notice of sale and calculation of the deficiency balance. Appellant *Page 4 
responded to the motion for summary judgment, arguing the assignment of collection rights did not comply with R.C. 1319.12(C).
 {¶ 12} On December 27, 2007, the trial court granted Appellee's motion for summary judgment. It is from this judgment Appellant now appeals.
 {¶ 13} Appellant raises two Assignments of Error:
 {¶ 14} "I. "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 {¶ 15} II. "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT."
 I., II. {¶ 16} Appellant argues the trial court erred in granting summary judgment in favor of Appellee. We agree.
 {¶ 17} We must note Appellee did not file a brief in this matter.
 {¶ 18} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 19} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. *Page 5 rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377,1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 20} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 21} Appellant argues the trial court erred in granting summary judgment in favor of Appellee because the assignment of collection rights executed by Atlantic Financial Services, Inc. and Appellee did not meet the requirements of R.C. 1319.12(C). R.C. 1319.12(C) states:
 {¶ 22} "(C) No collection agency shall commence litigation for the collection of an assigned account, bill, or other evidence of indebtedness unless it has taken the assignment in accordance with all of the following requirements:
 {¶ 23} "(1) The assignment was voluntary, properly executed, and acknowledged by the person transferring title to the collection agency.
 {¶ 24} "(2) The collection agency did not require the assignment as a condition to listing the account, bill, or other evidence of indebtedness with the collection agency for collection.
 {¶ 25} "(3) The assignment was manifested by a written agreement separate from and in addition to any document intended for the purpose of listing the account, bill, or other evidence of indebtedness with the collection agency. The written agreement shall state the effective date of the assignment and the consideration paid or *Page 6 
given, if any, for the assignment and shall expressly authorize the collection agency to refer the assigned account, bill, or other evidence of indebtedness to an attorney admitted to the practice of law in this state for the commencement of litigation. The written agreement also shall disclose that the collection agency may consolidate, for purposes of filing an action, the assigned account, bill, or other evidence of indebtedness with those of other creditors against an individual debtor or co-debtors.
 {¶ 26} "(4) Upon the effective date of the assignment to the collection agency, the creditor's account maintained by the collection agency in connection with the assigned account, bill, or other evidence of indebtedness was canceled."
 {¶ 27} As expressed by Appellant in his brief, the application of R.C. 1319.12(C) to an assignment of collection of rights is a matter of first impression. We will therefore look to rules of statutory construction to determine the application of the R.C. 1319.12(C) to the within matters. "The first rule of statutory construction is to look at the statute's language to determine its meaning. If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms." Columbia GasTransmission Corp. v. Levin, 117 Ohio St.3d 122, 882 N.E.2d 400,2008-Ohio-511 at ¶ 19, citing, Lancaster Colony Corp. v. Limbach (1988), 37 Ohio St .3d 198, 199, 524 N.E.2d 1389. Upon our review of R.C. 1319.12, we find the statute clearly and unequivocally conveys the requirements that shall be met in order for a collection agency to commence litigation for the collection of an assigned account.
 {¶ 28} We must then apply R.C. 1319.12 to the assignment of collection rights executed by Atlantic Financial Services, Inc. and Appellee. Upon our review, we find *Page 7 
that there is a genuine issue of material fact whether Appellee properly commenced litigation for the collection of the assigned debt because the executed assignment of collection rights does not meet the clear terms of R.C. 1319.12(C). Specifically, the assignment of collection rights does not comply with R.C. 1319.12(C)(3). The assignment does not state the consideration paid or given, if any, for the assignment. It does not expressly authorize the collection agency to refer the assigned account, bill, or other evidence of indebtedness to an attorney admitted to the practice of law in this state for the commencement of litigation. Further, while the executed assignment of collection rights states that it was effective on May 1, 2006, there is conflicting affidavit evidence that states the assignment was effective on March 15, 2007.
 {¶ 29} The conflict between the effective dates of the assignment to the collection agency also implicates R.C. 1319.12(C)(4) to determine whether the litigation was properly commenced. The conflict generates a genuine issue of material fact as to who maintained Appellant's account and whether Appellant's account was cancelled when Atlantic Financial Services, Inc. assigned the account to Appellee.
 {¶ 30} We find that upon application of the executed assignment of collection rights to R.C. 1319.12(C), there arise genuine issues of material fact as to whether Appellee properly commenced litigation for the collection of the assigned account. We therefore sustain Appellant's first and second Assignments of Error. *Page 8 
 {¶ 31} The judgment of the Mansfield Municipal Court is reversed and remanded for further proceedings consistent with this decision and judgment entry.
 Delaney, J. Gwin, J. and Wise, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mansfield Municipal Court is reversed and remanded for further proceedings consistent with this decision and judgment entry. Costs to Appellee.
[1] Page 2 of the retail installment agreement contract and security agreement is not in the lower court's record. Neither Appellant nor Appellee attached it as an exhibit to their motions before the trial court. *Page 1