OPINION *Page 2 
{¶ 1} Defendants-Appellants, Kendel Bethea and Lasandra Marshall, appeal the decision of the Mansfield Municipal Court to grant summary judgment in favor of Plaintiff-Appellee, Recovery Management Systems, Ltd. The facts giving rise to this appeal are as follows.
 {¶ 2} Appellants entered into a retail installment agreement contract and security agreement with Donley Ford L/M, Inc. on December 29, 2006 for the purchase of a 2000 Chevrolet Cavalier. Donley Ford financed $5,366.63 of the purchase price of the vehicle at an interest rate of 24.75%. Appellants were to make monthly payments in the amount of $288.52 for twenty-four months.
 {¶ 3} The retail installment agreement contract and security agreement states that the contract and security agreement were assigned to Atlantic Financial Services, Inc. under the terms of the assignment by the seller. The assignment is signed by the seller.
 {¶ 4} Appellants defaulted on their payments under the terms of the retail installment agreement contract and security agreement. Appellee filed its complaint on account against Appellants in the Mansfield Municipal Court on August 16, 2007. The complaint alleged Appellants defaulted under the terms of the retail installment agreement contract and security agreement and demanded judgment against Appellants in the amount of $3,765.91 plus accrued interest of $86.82 through July 23, 2007 plus interest thereafter on the principal balance at the statutory rate and costs.
 {¶ 5} Appellee attached the Assignment of Collection Rights to its complaint. On May 1, 2006, Atlantic Financial Services, Inc. executed an assignment of collection *Page 3 
rights to Recovery Management Systems, Ltd. (Plaintiff's Exhibit B). Representatives from Atlantic Financial Services and Recovery Management Systems signed the assignment. The assignment states as follows:
 {¶ 6} "Atlantic Financial Services, Inc. (`Client') hereby assigns to Recovery Management Systems, Ltd. (`Agency'), all authority necessary to process collection claims Client places with Agency.
 {¶ 7} "Either party hereto may cancel this Assignment by giving the other party 30-day written notice.
 {¶ 8} "Client agrees to provide support as necessary to Agency to assist Agency collection efforts on behalf of Client.
 {¶ 9} "Their duly authorized and empowered representatives enter into this agreement by and between
 {¶ 10} "CLIENT and AGENCY on this 1st day of May, 2006."
 {¶ 11} Appellants answered the complaint. Appellee filed a motion for summary judgment on January 16, 2008. In its motion, it attached an affidavit prepared by Appellee's agent that stated on June 19, 2007, Atlantic Financial Services, Inc. assigned its collection rights to Appellee. The affidavit further stated that Atlantic Financial Services, Inc. sent Appellant notice of default, right to cure, right to inspect the repossessed collateral pursuant to R.C. 1317.12, and notice of sale and calculation of the deficiency balance. Appellants responded to the motion for summary judgment on January 31, 2008.
 {¶ 12} On May 22, 2008, the trial court granted Appellee's motion for summary judgment. It is from this judgment Appellants now appeal. *Page 4 
 {¶ 13} Appellants raise one Assignment of Error:
 {¶ 14} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING SUMMARY JUDGMENT BASED UPON AN AFFIDAVIT WHICH WAS NOT MADE UPON PERSONAL KNOWLEDGE, INFORMATION, OR BELIEF AS REQUIRED BY OHIO RULE OF CIVIL PROCEDURE 56."
 {¶ 15} Appellants argue in their sole Assignment of Error the trial court erred in granting summary judgment in favor of Appellee. We agree.
 {¶ 16} We must note Appellee did not file a brief in this matter.
 {¶ 17} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 18} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same *Page 5 
standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
 {¶ 20} Upon review of the record in this matter, we find this Court has recently addressed the identical factual circumstances as found in the present case in Recovery Mgmt. Systems, Ltd. v. Coburn, Richland App. No. 2008CA0007, 2008-Ohio-5713. In Recovery Mgmt. Systems, Ltd. v.Coburn, the appellant had entered into a retail installment agreement contract and security agreement for the purchase of an automobile. The retail installment agreement contract and security agreement was assigned to Atlantic Financial Services, Inc. Atlantic Financial Services, Inc., in a document entitled "Assignment of Collection Rights" and dated May 1, 2006, assigned its collection rights to Recovery Management Systems, Inc. Id. at ¶ 4-9.
 {¶ 21} The appellant in Recovery Mgmt. Systems, Ltd. v. Coburn
defaulted on his payments and Recovery Management Systems, Inc. filed a complaint on account for the balance of the contract. Appellee attached the May 1, 2006 Assignment of Collection Rights to the complaint. After the appellant filed his answer, Recovery Management Systems, Ltd. moved for summary judgment. It attached to its motion for summary judgment an affidavit prepared by its agent stating that on March 15, 2007, Atlantic Financial Services, Inc. assigned its collection rights to Recovery Management Systems, Inc. Id. at ¶ 4-11.
 {¶ 22} The trial court granted the motion for summary judgment and the appellant appealed the decision to this Court. In his appeal, the appellant argued the Assignment of Collection Rights executed by Atlantic Financial Services, Inc. and Recovery Management Systems, Inc. did not meet the requirements of R.C. 1319.12(C) and *Page 6 
therefore, Recovery Management Systems, Inc. was not entitled to summary judgment. Id. at ¶ 12, 21.
 {¶ 23} Upon our de novo review of the present matter, we find our analysis and holding in Recovery Mgmt. Systems, Ltd. v. Coburn applies to the present case. The May 1, 2006 Assignment of Collection Rights in the present case is identical to the May 1, 2006 Assignment of Collection Rights at issue in Recovery Mgmt. Systems, Ltd. v.Coburn. In our previous case, we determined as follows:
 {¶ 24} "R.C. 1319.12(C) states:
 {¶ 25} "`(C) No collection agency shall commence litigation for the collection of an assigned account, bill, or other evidence of indebtedness unless it has taken the assignment in accordance with all of the following requirements:
 {¶ 26} "`(1) The assignment was voluntary, properly executed, and acknowledged by the person transferring title to the collection agency.
 {¶ 27} "`(2) The collection agency did not require the assignment as a condition to listing the account, bill, or other evidence of indebtedness with the collection agency for collection.
 {¶ 28} "`(3) The assignment was manifested by a written agreement separate from and in addition to any document intended for the purpose of listing the account, bill, or other evidence of indebtedness with the collection agency. The written agreement shall state the effective date of the assignment and the consideration paid or given, if any, for the assignment and shall expressly authorize the collection agency to refer the assigned account, bill, or other evidence of indebtedness to an attorney admitted to the practice of law in this state for the commencement of litigation. The *Page 7 
written agreement also shall disclose that the collection agency may consolidate, for purposes of filing an action, the assigned account, bill, or other evidence of indebtedness with those of other creditors against an individual debtor or co-debtors.
 {¶ 29} "`(4) Upon the effective date of the assignment to the collection agency, the creditor's account maintained by the collection agency in connection with the assigned account, bill, or other evidence of indebtedness was canceled."
 {¶ 30} "As expressed by Appellant in his brief, the application of R.C. 1319.12(C) to an assignment of collection of rights is a matter of first impression. We will therefore look to rules of statutory construction to determine the application of the R.C. 1319.12(C) to the within matters. "The first rule of statutory construction is to look at the statute's language to determine its meaning. If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms."Columbia Gas Transmission Corp. v. Levin, 117 Ohio St.3d 122,882 N.E.2d 400, 2008-Ohio-511 at ¶ 19, citing, Lancaster Colony Corp. v.Limbach (1988), 37 Ohio St .3d 198, 199, 524 N.E.2d 1389. Upon our review of R.C. 1319.12, we find the statute clearly and unequivocally conveys the requirements that shall be met in order for a collection agency to commence litigation for the collection of an assigned account.
 {¶ 31} "We must then apply R.C. 1319.12 to the assignment of collection rights executed by Atlantic Financial Services, Inc. and Appellee. Upon our review, we find that there is a genuine issue of material fact whether Appellee properly commenced litigation for the collection of the assigned debt because the executed assignment of collection rights does not meet the clear terms of R.C. 1319.12(C). Specifically, the *Page 8 
assignment of collection rights does not comply with R.C. 1319.12(C)(3). The assignment does not state the consideration paid or given, if any, for the assignment. It does not expressly authorize the collection agency to refer the assigned account, bill, or other evidence of indebtedness to an attorney admitted to the practice of law in this state for the commencement of litigation. Further, while the executed assignment of collection rights states that it was effective on May 1, 2006, there is conflicting affidavit evidence that states the assignment was effective on March 15, 2007.
 {¶ 32} "The conflict between the effective dates of the assignment to the collection agency also implicates R.C. 1319.12(C)(4) to determine whether the litigation was properly commenced. The conflict generates a genuine issue of material fact as to who maintained Appellant's account and whether Appellant's account was cancelled when Atlantic Financial Services, Inc. assigned the account to Appellee.
 {¶ 33} "We find that upon application of the executed assignment of collection rights to R.C. 1319.12(C), there arise genuine issues of material fact as to whether Appellee properly commenced litigation for the collection of the assigned account. * * *" Id. at ¶ 21-30.
 {¶ 34} We find that after applying the May 1, 2006 executed Assignment of Collection Rights in the present case to the requirements of R.C. 1319.12(C), the same genuine issues of material facts are raised. The assignment does not state the consideration paid or given, if any. It does not expressly authorize the collection agency to refer the assigned account to an attorney for the commencement of litigation. The Assignment of Collection Rights states that it was effective May 1, 2006 (before the parties entered into the retail installment agreement contract and security agreement), *Page 9 
but there is conflicting affidavit evidence that states the assignment was effective on June 19, 2007. As stated above, the conflict between the effective dates implicates R.C. 1319.12(C)(4) to determine whether the litigation was properly commenced.
 {¶ 35} Accordingly, pursuant to our holding in Recovery Mgmt. Systems,Ltd. v. Coburn, we find there is a genuine issue of material fact whether the litigation in the present matter was properly commenced under the requirements of R.C. 1319.12(C). We therefore sustain Appellants' sole Assignment of Error.
 {¶ 36} The judgment of the Mansfield Municipal Court is reversed and remanded for further proceedings consistent with this decision and judgment entry.
Delaney, J. and Wise, J. concur.
Hoffman, P.J. concurs separately.